**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:20-cv-1975

BEACHWOOD PARTNERS EB, LLC

    Plaintiff,

v.

COREY J. NABORS

    Defendant.

## COMPLAINT

Plaintiff, Beachwood Partners EB, LLC, by its attorneys, Murr Siler & Accomazzo, P.C., hereby submits its Complaint as follows:

### PARTIES

1. Plaintiff, Beachwood Partners EB, LLC ("Plaintiff") is a California limited liability company. Plaintiff's address is 1600 Dove Street #107, Newport Beach, California 92660.

2. Defendant Corey J. Nabors ("Mr. Nabors") is an individual and a licensed real estate broker residing, upon information and belief, at 19943 E. Oberlin Place, Aurora, Colorado 80013.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

4. Plaintiff is a limited liability company, and is therefore a citizen of the state of which its member is a citizen. Plaintiff's sole member is Les Cash Co, LP. Les Cash Co, LP is a limited partnership, and is therefore a citizen of the states of which its partners are citizens. Les

Cash Co, LP has two partners: Cal-Hawaiian Capital, Inc. and Leslie Shattuck ("Ms. Shattuck"). Ms. Shattuck is a citizen of the State of California. Cal-Hawaiian Capital, Inc. was incorporated in California and has a principal place of business in California, and is therefore a citizen of California. Thus, Plaintiff is a citizen of California for purposes of diversity jurisdiction.

5. Mr. Nabors is a citizen of the State of Colorado.

6. Diversity of citizenship exists because Plaintiff and Mr. Nabors are citizens of different states.

7. The amount in controversy exceeds $75,000.00.

8. This Court has personal jurisdiction over Mr. Nabors because he is a resident of Colorado.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because Mr. Nabors resides in this judicial district, and because a substantial part of the events and omissions giving rise to this action occurred in this judicial district.

**GENERAL ALLEGATIONS**

10. In January 2020, Plaintiff determined to purchase real property in Colorado as part of a like-kind exchange pursuant to I.R.C. § 1031.

11. Plaintiff's principal, Ms. Shattuck, identified the real property located at 30403 Upper Bear Creek Road, Evergreen, Colorado (the "Property") as a potential acquisition.

12. On January 13, 2020, Ms. Shattuck was introduced to Mr. Nabors, who agreed to serve as Plaintiff's real estate broker for purposes of the acquisition of the Property.

13. Neither Plaintiff nor Ms. Shattuck signed a listing agreement with Mr. Nabors.

14. Pursuant to 4 CCR 725-1:7.1(A), Mr. Nabors was required to use a form of listing agreement approved by the Colorado Real Estate Commission, which promulgates a form that includes an attorneys' fee-shifting clause.

15. Mr. Nabors arranged for Ms. Shattuck to view the Property, and Ms. Shattuck determined that Plaintiff should endeavor to purchase the Property.

16. Mr. Nabors prepared a Contract to Buy and Sell Real Estate (the "Contract") on the form approved for use by the Colorado Real Estate Commission. The Contract provided for a purchase price of $3,750,000.00, with a refundable earnest money deposit of $150,000.00.

17. Corinne Jackson, the owner of the Property, through her real estate agent, countered Plaintiff's offer to buy the Property, as represented by the Contract, in a Counterproposal (the "Counterproposal").

18. The Counterproposal purported to alter only one term from the Contract: it would have made the $150,000.00 earnest money deposit fully nonrefundable.

19. Mr. Nabors did not advise Plaintiff of the consequences of agreeing to the Counterproposal.

20. Mr. Nabors electronically signed the Counterproposal on behalf of Plaintiff.

21. Plaintiff conducted its due diligence, and decided to terminate the Contract due to structural issues relating to the Property's indoor pool, among other unsatisfactory issues related to the Property's physical condition, as disclosed by Plaintiff's inspection report.

22. Plaintiff communicated its intent to terminate the Contract to Mr. Nabors via email on February 8, 2020.

23. Mr. Nabors prepared a Notice to Terminate (the "Termination Notice") and sent that document to Plaintiff for its electronic signature.

24. Ms. Shattuck signed the Termination Notice on behalf of Plaintiff.

25. After receiving the Termination Notice, Ms. Jackson or her real estate agent prepared an Earnest Money Release agreement (the "Release"). The Release purported to authorize Land Title Guarantee Company ("Land Title"), which was serving as escrow agent under the Contract, to release the $150,000.00 earnest money deposit to Ms. Jackson.

26. Mr. Nabors did not advise Plaintiff of the consequences of agreeing to the Release.

27. Mr. Nabors electronically signed the Release on behalf of Plaintiff.

28. On or about February 12, 2020, Land Title delivered the earnest money deposit to Ms. Jackson.

29. In this lawsuit, Plaintiff seeks compensation for its lost $150,000.00 earnest money deposit, plus its attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF
**Breach of Fiduciary Duty**

30. Plaintiff incorporates herein by reference all allegations set forth above.

31. Mr. Nabors acted as Plaintiff's real estate broker.

32. Mr. Nabors, as Plaintiff's real estate broker, had a duty of loyalty to Plaintiff.

33. Mr. Nabors put his own interests in earning a large commission before Plaintiff's by assuming Plaintiff's permission to affix Plaintiff's electronic signature on the Counterproposal and the Release, thereby breaching his duty of loyalty to Plaintiff.

34. Plaintiff terminated the Contract, and was damaged in the amount of its earnest money deposit as a result of Mr. Nabors's breaches of his duties to Plaintiff.

## SECOND CLAIM FOR RELIEF
**Negligence**

35. Plaintiff incorporates herein by reference all allegations set forth above.

36. Mr. Nabors, as Plaintiff's real estate broker, had a duty under C.R.S. § 12-10-405 to advise Plaintiff as to any material risks of a transaction that are actually known by Mr. Nabors.

37. Mr. Nabors breached his duty under C.R.S. § 12-10-405 by failing to advise Plaintiff that Plaintiff would not be entitled to a return of its earnest money deposit if Plaintiff entered into, and later terminated, the Contract, as amended by the Counterproposal.

38. Mr. Nabors breached his duty under C.R.S. § 12-10-405 by failing to advise Plaintiff, after entering into, but before terminating, the Contract, that terminating the Contract would result in Plaintiff forfeiting its earnest money deposit.

39. Plaintiff terminated the Contract, and was damaged in the amount of its earnest money deposit as a result of Mr. Nabors's breaches of his duties to Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in its favor and against Mr. Nabors in the amount established at trial, plus interest, costs, and the amount of Plaintiff's attorneys' fees, and grant such other relief as the Court deems just and proper.

Dated this 7th day of July, 2020.

                                      Respectfully submitted,
                                      MURR SILER & ACCOMAZZO, P.C.

                                      */s/ Michael D. diFilipo*
                                      Joseph A. Murr, Atty. Reg. No. 14427
                                      Michael D. diFilipo, Atty. Reg. No. 49852
                                      Murr Siler & Accomazzo, P.C.
                                      410 17th Street, Suite 2400
                                      Denver, CO 80202
                                      Telephone: 303-534-2277
                                      Email: jmurr@msa.legal; mdifilipo@msa.legal
                                      *Attorneys for Plaintiff*